*485 The defendant was found guilty in the police court of this city, and now brings this action to reverse that judgment on the ground that the ordinance is unconstitutional and invalid.
The first alleged defect in this ordinance, as argued, lies in the fact that the treasurer is by this ordinance authorized to issue the license, while the statute designates the mayor as the person who should perform this duty. I consider this designation by a statute to have reference to the quasi judicial function of issuing 'or revoking a license. This statute is not meant to require the personal attention of the mayor to the actual details. It confers upon the mayor that power and authority which is so essential, to-wit, that of revoking a license where the licensee is an unfit person or has violated the conditions and terms thereof. But whatever of doubt might exist as to this limitation it is a sufficient answer to this claim to say that (old) Section 1767, Revised Statutes (now 1536-656), confers the power upon council, and the treasurer is especially referred to in Section 135 of the new code.
The second error alleged is that the fees collected go to the street repair fund. So far as the general result to the city’s treasury is concerned it would not perhaps make much difference to what particular fund council might wish to transfer any moneys to its credit. The fact that this sentence is in the ordinance might be very pertinent as evidencial matter to show the object of the ordinance to be the raising of money, but not conclusively so. It is evident that the council in passing this ordinance ought to provide some place where this money should go. It could not be held by the treasurer in a separate fund, because the expenses of enforcing the ordinance, and the regulating of this business is divided into many funds — that is to say a part of the expense of regulating these hawkers and vendors rests upon the police department; a part of the expense comes from the health department and inspectors; a part comes from the street cleaning department, etc. I think it is now well settled that the incidental raising of money and even of more money than will pay the expenses of regulation, inspection, etc., is not sufficient to destroy the validity of such an ordinance. It is well settled *486 that a municipality may make the fee large enough to make the city assured from loss in the enforcement of the provisions of the ordinance. If the city, therefore, can not place these fees to the credit of the street repairing fund, and even though it should be held that such provision of the ordinance is invalid, this would not affect the main body of the ordinance. In case it should be held that that provision of the ordinance is illegal, action could be taken which would prevent such diversion and cause the money arising from this source to be placed to the proper fund, and the defect, therefore, would simply be in that particular provision of the ordinance without interfering with the main ordinance itself. And that this provision of the ordinance does not conclusively bind a court to find that the purpose and effect of this license is to raise revenue will readily appear. This view is sustained by the case of Marmet v. The State, 45 O. S., 63-68.
The next error complained of is that the license fee discriminates by requiring vendors with horse or other power to pay fifty, dollars, hand carts twenty dollars and baskets ten dollars. It must be recognized as a matter of law that it is impossible to have any perfectly graded license provision. It is practically impossible. It sufficiently fulfills the requirement of the law that the gradations be reasonable and without purposely or in .practical effect discriminating, oppressive or prohibitory. I can not find this latter condition to be true of the provisions in question. The division as to amounts and proportions seem fair and reasonable and must easily be distinguished from the facts shown in Yeaser v. The State, 7 N. P., 18, and from the discrimination shown in Sipe v. Murphy, 49 O. S., 536.
The next error complained of is that this ordinance is not a license of persons or of their occupation, but is in fact a tax upon the vehicle used. It is argued with much force that this license exempts any other vehicles used than those mentioned in the ordinance, and for that reason clearly makes a discrimination. Is this view sustained by the ordinance itself ? By the first section of this ordinance it is made “unlawful for any person, firm, corporation, peddler, hawker or itinerant retailer of goods or any of their officers or agents to sell, * * * any *487 such articles on the public streets or alleys without first obtaining from the city treasurer a written permit or license to do so.” So far, therefore, the license is upon persons. It is further provided by the ordinance that such person shall pay therefor to the use of the city the sums aforesaid.
The highest amount is taxed upon the person who desires to do business with any vehicle drawn or propelled by animal power, or power other than by hand. This sweeping provision manifestly embraces all vehicles and the license itself clearly applies to the persons desiring to use such vehicles in their business. The other reference to vehicles and containers, together with the foregoing provisions, certainly embrace all the' methods used to convey goods, vegetables and so forth, over the streets. I do not, therefore, find any ground for construing this ordinance as a tax upon vehicles or that any vehicle is omitted, etc. It embraces by its terms every vehicle used in this business.
The most important error alleged in this ordinance is that the fees which are imposed are excessive, unreasonable and oppressive. The highest fee required is, of course, required of the larger dealers and those who do the largest business and as to whom there is the greatest amount of inspection and regulation necessary. ' This amounts to fifty dollars a year and would require any such firm, corporation or person to pay about sixteen cents for each working day. I grant this fee is high. While I do not know just what expense the city is put to by way of regulation and of maintaining police surveillance over this class of dealers, and of cleaning the streets and preserving order and of inspecting these goods, etc., it would seem that on the face of it the fee might be higher than necessary, but this is not sufficient. It must appear to the court that this fee is so excessive as to be unreasonable and oppressive before a court would be warranted in striking down the ordinance. The necessity for regulation is most apparent. In large cities where there are daily large quantities of food products of a perishable nature, it is of the highest importance to the welfare of the city that constant vigilance and inspection be used by the city to prevent unscrupulous persons, without a permanent place of *488 business, selling unwholesome food. The homes of the inhabitants are visited by these peddlers, and it is important that none but honest peddlers be permitted to engage in the business and that the unscrupulous ones and those who use false weights and measures, and who are tempted by reason of cheapness to purchase tainted and unwholesome foods, should be eliminated. Similar ordinances in other communities have been sustained where the fee was much larger. The Supreme Court of Minnesota in the case of State v. Jensen has held that the ordinance •of the city of Minneapolis which requires all peddlers of every kind and description to pay a yearly license of one hundred and twenty-five dollars, is not an unreasonable one, and is valid. There has been some evidence in the court below that men in this business are barely able to make their living, and likewise there is some evidence that some of them have made not only a good living but have been able to save money and buy property. And for the reason, therefore, that this ordinance is not manifestly unreasonable or oppressive I hold that the same must be sustained, and the judgment of the police court is affirmed.
James A. Allen, for plaintiff
James M. Butler, for defendant.